IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

TINA L. LAWTON,

                Plaintiff,

v.                                 Civil Action No.
                                      6:16-CV-0317 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF

DRAKE LOEB PLLC                 GARY J. GOGERTY, ESQ.
555 Hudson Valley Avenue
Suite 100
Windsor, NY 12553

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN     MICHELLE L. CHRIST, ESQ.
United States Attorney for the       Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

    Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Acting Commissioner, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on January 5, 2017, during a telephone conference held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: January 6, 2017
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
TINA L. LAWTON,

                        Plaintiff,

vs.                                          6:16-CV-317

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
------------------------------------------------------x
```

*Decision - January 5, 2017*

James Hanley Federal Building, Syracuse, New York

HONORABLE DAVID E. PEEBLES

United States Magistrate-Judge, Presiding


A P P E A R A N C E S (by telephone)

For Plaintiff:      DRAKE, LOEB LAW FIRM
                    Attorneys at Law
                    555 Hudson Valley Avenue
                    New Windsor, New York 12553
                      BY: GARY J. GOGERTY, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of General Counsel
                    26 Federal Plaza
                    New York, New York 10278
                      BY: MICHELLE L. CHRIST, ESQ.

*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1       THE COURT: I have before me a request for judicial
2  review of an adverse termination by the Acting Commissioner
3  pursuant to 42, United States Code, Sections 405(g) and
4  1383(c)(3).
5       The background is as follows. Plaintiff was born
6  in January of 1964 and is currently 53, about to turn 54,
7  years old. She was 44 years old at the time of the alleged
8  onset of her disability. Plaintiff lives in Johnstown with a
9  son who was at the time of the hearing in this matter 19
10 years old. Plaintiff has an eighth grade education. She was
11 placed in regular classes. At age 20 she achieved a GED
12 diploma.
13      She drives. She last worked in August of 2008.
14 She has worked as a cook and for four years as a housekeeper.
15 She stopped working due to COPD and asthma, as well as carpal
16 tunnel syndrome, or CTS. She drives, as I indicated, but
17 rarely, due to vision issues and coughing spells. She smokes
18 between one half and one pack of cigarettes a day, despite
19 being advised by health care practitioners to stop.
20      She has essentially no hobbies. Medically she
21 suffers from COPD and asthma, as well as pulmonary nodules,
22 which are being monitored on a regular basis. She had
23 bilateral CTS surgery in 2005 and has ongoing complaints of
24 pain and uses braces on her wrists.
25      She suffers from depression. She claims to stay

1 home and frequently upstairs without even coming down to the
2 main part of the house. She also suffers from swollen sweat
3 glands on the bottom of her feet, and back pain. She has
4 been treated at St. Mary's Family Health Center primarily by
5 Nurse Practitioner Randie Salmon, and also Thomas Eagan, an
6 orthopedist, with respect to wrists, leg and back pain.
7 Procedurally, plaintiff applied for Title II and
8 Title XVI benefits on May 30, 2013, alleging an onset date of
9 August 27, 2008. A hearing was conducted by Administrative
10 Law Judge Arthur Patane on March 25, 2015. ALJ Patane issued
11 a written decision on April 17, 2015, finding that the
12 plaintiff was not disabled at the relevant times. That
13 determination was upheld on appeal to the Social Security
14 Administration Appeals Council on January 19, 2016, making
15 the ALJ's decision a final determination of the Agency.
16 In his decision ALJ Patane applied the sequential
17 five-step test for determining disability as set forth in the
18 Acting Commissioner's regulations.
19 At step one finding that plaintiff had not engaged
20 in substantial gainful activity since her alleged onset date.
21 At step two he concluded that plaintiff suffers
22 from severe impairments, including COPD, or chronic
23 obstructive pulmonary disease, as well as a history of
24 asthma. In making that determination or finding, the ALJ
25 rejected several other conditions, including plaintiff's

1  complaints concerning her hands and fingers and carpal tunnel
2  syndrome, her swollen foot glands, blurred vision, reports of
3  back pain, abdomen bloating, and depression.
4      At step three ALJ Patane concluded that plaintiff's
5  conditions do not either singularly or in combination meet or
6  medically equal any of the listed presumptively disabling
7  conditions set forth in the Commissioner's regulations,
8  specifically including 1.04; 3.02A, or COPD; 3.03A, asthma
9  and bronchitis; 11.14, peripheral neuropathy; and also the
10 mental health regulations listings in the 12.00 series,
11 concluding in that regard that plaintiff's condition did not
12 meet the B or C criteria.
13     The ALJ then concluded after surveying the evidence
14 that plaintiff retains the residual functional capacity, or
15 RFC, to perform a full range of light work, but can have no
16 concentrated exposure to respiratory irritants such as fumes,
17 odors, dusts, gases and poorly ventilated spaces.
18     Applying that RFC determination, the ALJ concluded
19 that plaintiff is unable to perform her past relevant work in
20 either of the two positions; one, because of the presence of
21 respiratory irritants, and with regard to the cook condition,
22 because it is performed at a medium exertional rate.
23     At step five the ALJ applied the medical vocational
24 guidelines, or the Grids, specifically Rule 202.20, and
25 concluded that plaintiff was not disabled at the time

relevant times.

As you know, my task is limited to determining whether correct legal principles were applied and the determination is supported by substantial evidence. It is a deferential standard of review that I must apply.

Looking carefully at the record, I agree with plaintiff that the RFC determination that plaintiff must only avoid concentrated irritants doesn't appear to be supported by anything in the record that would specifically say that Dr. Puri's opinion is very different, and says it is recommended that she not be in an environment which would increase her respiratory complaints. That is at page 340. And so given that and given the Nurse Practitioner Salmon medical source statement that came admittedly after the ALJ's determination concluding that plaintiff should not be exposed ever to dust, odors, fumes and pulmonary irritants, that's at page 464, I think that's a significant error.

Looking at step five I also think that there is a problem here. The burden at step five, of course, is on the Commissioner, and one of the things that must be determined is whether there are non-exertional limitations that would diminish the claimant's ability to perform the level of work in question, and whether, if there are such impairments, whether a vocational expert's testimony is required in order for the Commissioner to carry her burden. That is

1  well-established under *Bapp v. Bowen*. *Wilson versus*
2  *Barnhart*, which I think was also cited, is another example of
3  that.
4  Non-exertional impairment significantly limits a
5  claimant's range of work when it causes an additional loss of
6  work capacity beyond a negligible one, or when it is one that
7  so narrows a claimant's possible range of work as to deprive
8  him of a meaningful employment opportunity. In this case SSR
9  85-15 controls and it speaks to the presence of
10 non-exertional limitations.
11 Addressing environmental restrictions, the ruling
12 notes that when a person has a medical restriction to avoid
13 excessive amounts of noise, dust, et cetera, the impact on
14 the broad world of work would be minimal because most job
15 environments do not involve great noise, amounts of dust, et
16 cetera. When an individual can tolerate very little noise,
17 dust, et cetera, the impact on the ability to work would be
18 considerable because very few job environments are entirely
19 free of irritants, pollutants and other potentially damaging
20 conditions.
21 Significantly, the ruling goes on to say where the
22 environmental restriction falls between very little and
23 excessive, resolution of the issue will generally require
24 consultation of occupational reference materials or the
25 services of a VE, Vocational Expert.

1          In this case what struck me was when I read the
2  Administrative Law Judge's decision at page 30, I said there
3  must be a paragraph missing, the typist must have missed it,
4  because there is no discussion of why this environmental
5  limitation does not require a Vocational Expert. I would
6  have looked for between the second-to-last paragraph and the
7  last paragraph on that page a discussion by the
8  Administrative Law Judge as to why he believed resort to the
9  Grids was proper and a Vocational Expert testimony was not
10 required, particularly since of the uncertainty of what is
11 meant by concentrated. Is that excessive? Is that
12 coextensive with excessive? Does it fall between excessive
13 and very little? And, of course, exacerbated by the
14 additional finding that it does not coincide with Dr. Puri's
15 opinion.
16         So I think this matter should be returned for a
17 closer look at the environmental limitations experienced by
18 the plaintiff. I don't find persuasive evidence of
19 disability. So I will grant judgment on the pleadings to the
20 plaintiff, vacate the Commissioner's determination, and
21 remand the matter for further proceedings consistent with my
22 opinion. And I'll issue a decision and enter judgment
23 accordingly. Again, thank you both. Happy New Year.
24              *               *               *
25

C E R T I F I C A T I O N

      I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

_____
EILEEN MCDONOUGH, RPR, CRR
Federal Official Court Reporter